IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Kevin Patrick Huff, ) | Civil Action No.: 9:09-cv-00520-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Trevor Outlaw, Federal Prison Industries, ) | |
| Federal Bureau of Prisons, Loretta Parks, ) | |
| D. Johnson, Ardelphius McLaughlin, and ) | |
| John Owen, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Bristow Marchant.[1] In the R&R, the Magistrate Judge recommends that the Court grant in part, deny in part, the Defendants' Motion for Summary Judgment [Docket #43].

**Procedural History**

This case was initiated on March 3, 2009, when the Plaintiff filed an unverified Complaint appearing to allege causes of action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971) and under the Federal Torts Claims Act ("FTCA"). On September 18, 2009, the Defendants filed the Motion for Summary Judgment at issue in this case. On December 7, 2009, the Plaintiff filed a response in opposition, and the Defendants filed a reply on December 17, 2009. On March 8, 2010, the Magistrate Judge issued the R&R recommending that the Court grant in part, deny in part, the Defendants' Motion for

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling.

Summary Judgment. Specifically, the Magistrate Judge recommends that the Court grant the motion with respect to the Plaintiff's *Bivens* claims and that these claims be dismissed. It is further recommended that the individually named Defendants not subject to the FTCA suit (Outlaw, Owen, McLaughlin, Parks, and Johnson) be dismissed. However, the Magistrate Judge recommends that the Defendants' motion be denied with respect to the FTCA claim, and that the United States be substituted for the Federal Bureau of Prisons and the Federal Prison Industries as the proper party Defendant pursuant to 28 U.S.C. § 2679(a). The Plaintiff failed to file objections to the R&R, but did file a "Motion to Reconsider or Dismiss" ("Objection")[2] [Docket #55] on March 24, 2010.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed specific objection,

---

[2] Although titled a "Motion to Reconsider or Dismiss" by the Plaintiff, the Court will construe the document as an objection to the R&R for purposes of its analysis.

the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

**Discussion**

In the Objection, the Plaintiff fails to make objections that direct the Court to a specific error in the Magistrate Judge's R&R. Because the Plaintiff has failed to file timely, specific objections, the Court reviews the R&R for clear error. *See Diamond,* 416 F.3d at 315. In the Objection, the Plaintiff requests

> that the court either supplement the respective original Complaint and Exhibits, with the attached certified affidavits, which the plaintiff submits in an effort to both verify the said Complaint, and authenticate his exhibits . . . and then have the Magistrate reconsider the defendant's motion to dismiss and for summary judgment . . .
>
> \*\*\*
>
> In the alternative, if the Court denies the above requested . . . the plaintiff request that, pursuant to Rule 41(a)(1), of the F.R.Civ.P., that the case be dismissed without prejudice, so that the plaintiff could immediately resubmit the Complaint in a verified manner . . .in order to have the Complaint and motions to dismiss, considered taking full account of the plaintiff's factual allegations, contained in the Complaint . . .

*Objection,* pp.1-2.

The Plaintiff specifically references a footnote in the R&R, in which the Magistrate Judge states "Plaintiff has filed an *unverified* Complaint. Therefore, the undersigned has not considered the factual allegations set forth in the unverified Complaint as evidence in issuing a recommendation in this case." *Report and Recommendation,* p.2 n.4. Nonetheless, the law is clear that a plaintiff cannot rely on an unverified complaint in opposing a motion for summary judgment. *See Berry v. Atlantic Coast Line R.R. Co.,* 273 F.2d 572, 582 (4th Cir. 1960) ("The allegations of plaintiff's unverified complaint will not suffice."); *Higgins v. Scherr,* 837 F.2d 155, 156-57 (4th Cir. 1988)

3

("The Supreme Court there indicated that the opponent of a summary judgment motion has a burden of showing . . . the existence of a genuine dispute of material effect and cannot simply rest upon his unverified complaint." (citing *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986))).

Plaintiff's request pursuant to Rule 41(a)(1) also fails as a matter of law. Rule 41(a)(1) provides in pertinent part "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A). As such, "Rule 41(a)(1) permits a plaintiff who decides not to continue a lawsuit to withdraw his complaint *before* an answer or motion for summary judgment has been filed and avoid further proceedings on the basis of that complaint." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 409 (1990) (emphasis added); *Camacho v. Mancuso,* 53 F.3d 48, 51 (4th Cir. 1995) (Rule 41(a)(1) "only allows a universal dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment."). In the instant matter, the Defendants filed their Motion for Summary Judgment on September 18, 2009, over six months before the Plaintiff filed the Objection requesting dismissal without prejudice pursuant to Rule 41(a)(1). Thus, the Plaintiff is clearly not entitled to such dismissal without prejudice.

While construing the Plaintiff's "Motion to Reconsider or Dismiss" as an objection to the R&R, the Court has thoroughly reviewed the entire record and the applicable law. Accordingly, the Court finds that the R&R contains no clear error, and the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. As such, the Court agrees with the recommendations of the Magistrate Judge.

4

**Conclusion**

Based on the foregoing, it is **ORDERED** that the Magistrate Judge's R&R is adopted and incorporated herein by reference, and the Defendants' Motion for Summary Judgment [Docket #43] is **GRANTED** in part, **DENIED** in part. Specifically, the Court **GRANTS** the motion with respect to the Plaintiff's *Bivens* claims, and the individually named Defendants are dismissed. However, the Court **DENIES** the motion with respect to the FTCA claim and **ORDERS** that the United States be substituted for the Federal Bureau of Prisons and the Federal Prison Industries as the proper party Defendant pursuant to 28 U.S.C. § 2679(a).

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
April 8, 2010