IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Kevin Patrick Huff, | ) | Civil Action No.: 9:09-cv-00520-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Currently pending before the Court is the Plaintiff's Objections [Docket # 89] to the Magistrate Judge's Report and Recommendation ("R&R") [Docket # 87] recommending that the Court grant the Defendant's Motion for Summary Judgment [Docket # 77] and dismiss this case.[1] For the following reasons, the Court adopts the R&R.

**Procedural History**

This action was originally filed by the Plaintiff pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971) and the Federal Tort Claims Act (FTCA). By Order filed April 8, 2010, the Plaintiff's *Bivens* claim, as well as all the Defendants named in that claim, were dismissed, leaving only the Plaintiff's FTCA claim to be litigated. *See* [Docket # 57]. While the Plaintiff did not originally name the United States of America as a Defendant, the Court ordered that the United States of America be substituted as the proper party Defendant as to the Plaintiff's remaining FTCA claim. *See id.*

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling.

On September 27, 2010, the Defendant filed a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. After receiving several extensions, the Plaintiff filed a memorandum in opposition on November 8, 2010, following which the Defendant filed a reply memorandum on November 18, 2010. On February 3, 2011, the Magistrate Judge issued his R&R, recommending that the Court grant the Defendant's Motion for Summary Judgment. Any objections to the R&R were due by February 22, 2011. The Plaintiff failed to file timely objections, as his objections were signed by the Plaintiff on February 24, 2011, post-marked February 25, 2011, and received by the Clerk's Office on March 1, 2011.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

**Discussion**

The basis of the Plaintiff's FTCA claim is that the Defendant's employees violated two Program Statements dealing with the treatment and removal of inmates from a prison job through Federal Prison Industries (UNICOR).[2] In his R&R, the Magistrate Judge finds that the "Plaintiff has failed to submit sufficient evidence to give rise to a genuine issue of fact as to whether a wrongful or negligent act for purposes of an FTCA claim was committed." R&R, p. 13. Because the Plaintiff failed to file timely objections, the Court reviews the R&R for clear error. *See Diamond,* 416 F.3d at 315. Having thoroughly reviewed the Magistrate Judge's R&R and the applicable law, the Court finds that the R&R contains no clear error.[3]

**Conclusion**

Accordingly, the Court finds that the R&R contains no clear error, and the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. As such, the

---

[2] The Plaintiff alleges that he was removed from his prison job and deprived of "his property interest in working in the UNICOR Program, contrary to [Program Statement (PS) 8120.02]." Additionally, he argues that FCI Williamsburg UNICOR staff are enforcing their termination procedures in a selective manner contrary to PS 5270.08.

[3] Even if the Court were to review the Plaintiff's FTCA claim *de novo*, it appears that his claim would fail on the merits. *See Williams v. Farrior*, 334 F. Supp. 2d 898, 903-904 (E.D. Va. 2004) (An inmate has no right to a prison job or any job at all while incarcerated.); *see also* 28 U.S.C. § 2680(a) (providing that the FTCA's general waiver of sovereign immunity does not apply to discretionary acts); *Altizer v. Paderick*, 569 F.2d 812 (4th Cir. 1978) (stating that prison work assignments are matters within the discretion of prison officials, and removal from employment without a hearing does not, in and of itself, abridge any constitutional right of the inmate"); *accord Artis v. Schultz*, No. 09-986, 2010 WL 2079720 at *1 (D.N.J. May 25, 2010) (The court "dismissed the FTCA claim on the ground that the facts alleged in the Complaint did not show injury to Plaintiff was caused by the negligent or wrongful act or omission of any United States employee where the United States, if a private person, would be liable to Plaintiff . . . in that Plaintiff . . . has no legal entitlement to continued UNICOR employment.").

3

Court agrees with the recommendations of the Magistrate Judge. Based on the foregoing, it is

**ORDERED** that the Magistrate Judge's R&R is adopted and incorporated herein by reference, the Defendant's Motion for Summary Judgment [Docket # 77] is **GRANTED,** and this action is dismissed.

**IT IS SO ORDERED.**

                                                         s/R. Bryan Harwell
                                                        R. Bryan Harwell
                                                        United States District Judge

March 10, 2011
Florence, South Carolina